## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELLE RUGGLES** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Case No:** |
| **CVR ENERGY, INC.,** | ) |
| **AND COFFEYVILLE RESOURCES** | ) |
| **REFINING & MARKETING LLC** | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Ms. Michelle Ruggles, by and through her undersigned counsel, and files the following Complaint against Defendants CVR Energy, Inc., and Coffeyville Resources Refining & Marketing LLC.

### I. PARTIES

1. Plaintiff is a citizen of the state of Kansas. She submits herself to the jurisdiction of this Court.

2. Defendants CVR Energy, Inc., and Coffeyville Resources Refining & Marketing LLC (hereafter jointly referred to as CVR) are Delaware corporations with their principal place of business located outside of the state of Kansas.

### II. VENUE AND JURISDICTION

3. Plaintiff asserts claims under Title VII, thus vesting federal question jurisdiction over which this Court has jurisdiction pursuant to 42 U.S.C. §§ 2000e.

4. Venue is proper because the alleged violations of the law occurred in this district.

### III.  FACTS

5. The two CVR Defendants operate in such a way that both entities appear to have jointly employed Plaintiff, including but not limited to the use of an employee policy manual branded "CVR Energy, Inc."

6. CVR holds itself out as "maintaining a professional environment in which all individuals are treated with respect and dignity."

7. CVR holds itself out as prohibiting "discrimination and harassment . . . based on sex."

8. By holding itself out as prohibiting discrimination and harassment based on sex, CVR in fact is representing that it complies with federal law that makes such discrimination and harassment based on sex illegal.

9. CVR presents its policies prohibiting discrimination and harassment based on sex in its employee handbook that it distributes companywide to its employees.

10. Ms. Ruggles became an employee of CVR on June 18, 2019 and started out as an Operator Trainee at its location in Coffeyville, Kansas.

11. As reflected on her employment application, Ms. Ruggles came to CVR with experience working in the oil industry and working in physically demanding, male dominated, work environments.

12. Ms. Ruggles was initially assigned to complete a classroom training period for CVR.

13. As the conclusion of her classroom training, Ms. Ruggles received ratings that stated she met the expectations of CVR for purposes of starting work in the field to complete unit training.

14. CVR has several unit training field areas available to assign new trainees upon completion of classroom training.

15. On September 10, 2019, Ms. Ruggles started her unit training in Area 2.

16. Ms. Ruggles found that she and one other female, named Andi, were the only females assigned to work in Area 2.

17. Almost immediately Ms. Ruggles found that the men employed in Area 2 were hostile and dismissive toward her.

18. The dismissive attitude included ignoring her, making fun of her gender, and refusing to provide training or assistance to her as a trainee.

19. Ms. Ruggles found that the experienced male employees shared information and training advice with male employees that they withheld from her.

20. The comments directed toward Ms. Ruggles were to the effect of "shouldn't you be home doing dishes or making cookies".

21. During a Thursday safety meeting, the men joked about Ms. Ruggles' perceived lack of physical strength.

22. In the course of training, Ms. Ruggles would ask questions but not receive training assistance from the experienced male employees, while her male counterparts would ask the same male employee the same question to which the experienced male employee responded "let's go check it out together".

23. Ms. Ruggles was also frequently put in unsafe situations where she had either not been completely trained or which she had promises of assistance from the men to help perform certain job duties, but the experienced male staff never followed through to assist or train as promised.

24. Ms. Ruggles confided in the other female employee, Andi, about the sexist environment and Andi explained she went through a similar experience, and stated that working in that environment would not be easy.

25. During this time, Ms. Ruggles complained to her supervisor, Hooper, that she felt she was being mistreated based on her gender to which Hooper told her he would take care of it.

26. On October 1, 2019, Ms. Ruggles received her first field evaluation on which she was rated with a poor rating on every available category except one, which was marked as N/A.

27. During the October 1, 2019 evaluation meeting, Ms. Ruggles met with two senior managers who gave her the evaluation.

28. During the meeting Ms. Ruggles was told that many of her male coworkers had complained in writing about her.

29. Ms. Ruggles complained to these managers in the meeting that she felt she was being picked on because she was a woman, but despite receiving her complaint, management completely ignored it.

30. Ms. Ruggles cried during the evaluation process and when the meeting was over, one of the managers told her she might want to "go clean herself up a bit".

4

31. Immediately following the evaluation, Ms. Ruggles reported to the HR office to make an appointment with "Lead HR Business Partner", Jamie Armstrong, and told the person in the Human Resources office about what happened during the evaluation.

32. Armstrong has knowledge of at least one prior complaint from a past employee alleging the work environment was hostile or demeaning to women.

33. Ms. Ruggles called in sick the next day due to anxiety about the way she had been treated.

34. The next day, Ms. Ruggles met with Armstrong and complained to Armstrong about the treatment she had been receiving and explained she felt the mistreatment was based on her gender.

35. Armstrong acted surprised and stated "that is not the type of company we're running".

36. Ms. Ruggles asked if she could be transferred to a different unit and expressed her concern about continued mistreatment, especially as now the unit knows she went to the Human Resources office after receiving her evaluation.

37. Upon receiving the complaint, Armstrong explained she could not do anything about it as she was about to go on vacation for a few weeks.

38. Ms. Ruggles responded that she really wanted the job but explained she could not make it another few weeks.

39. Armstrong responded that while she understood Ms. Ruggles concerns, it would have to wait until she came back from vacation and she would then see if she could do an investigation.

40. Ms. Ruggles also reached out again to the other female employee who worked on the unit and told her about her experience with the evaluation.

41. The female counterpart reiterated that she had told Ms. Ruggles it would not be easy and only Ms. Ruggles could decide how much she could take.

42. After reflecting on the futility and risk of continuing employment with CVR, late on October 3, 2019, Ms. Ruggles emailed Armstrong and advised that she felt she had no choice but to quit due to the hostile and unsafe work environment stating, among other things: "i cannot and will not work under these circumstances any longer!! As I pretty much stated today it has been hell them guys do not want me there and have done everything to get what they want!!"

## COUNT I GENDER DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

43. Plaintiff restates and incorporates by reference all preceding paragraphs as though set forth herein.

44. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Right to Sue Letter within 90 days of filing of this Complaint.

45. Plaintiff's charge of discrimination alleges that she suffered discriminatory and harassing treatment based on her gender by Defendants.

6

46. Defendants had actual or constructive knowledge of the gender discrimination and harassment Plaintiff experienced on the job, both based on what was witnessed by managerial staff in the field, what Plaintiff told management and Human Resources, as well as Defendants' knowledge of past complaints making similar gender discrimination claims.

47. Plaintiff's charge of discrimination alleges that she complained to Human Resources about her treatment prior to her termination.

48. Plaintiff was subject to ridicule and mistreatment in the field as well as experiencing mistreatment in the form of receiving more scrutiny than her male counterparts.

49. Plaintiff received a poor performance evaluation based on her gender when compared to her male counter parts.

50. Defendants failed to operate or maintain a work environment that was free from gender discrimination or harassment and lacks effective policies, practices or interest in maintaining such an environment at its Coffeyville location.

51. Defendants illegally discriminated against Plaintiff with regard to the terms and conditions of her employment by subjecting her to a discriminatory and/or hostile work environment on account of her gender

52. Defendants had a duty to provide Plaintiff with a workplace free from such discrimination or harassment and failed to do so.

53. Plaintiff complained about the illegal discrimination and harassment and was subject to retaliation in the form of a lack of action and a poor evaluation, leading to her constructive discharge from employment.

54. Plaintiff's poor evaluation also reflected discriminatory treatment compared to her male counterparts.

55. Defendants failed to take prompt remedial action as to Plaintiff's complaints and concerns about the hostile and discriminatory environment Plaintiff was facing.

56. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

57. Defendants' conduct against Plaintiff was intentional and in reckless disregard of her rights to be free from discrimination such that Plaintiff is entitled to an award of punitive damages.

58. Plaintiff is entitled to economic damages, emotional distress damages, punitive damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment against Defendants for her actual damages and compensatory damages, punitive damages, appropriate interest and her reasonable attorneys' fees, together with her costs, and any other relief the Court deems fair and equitable.

**FRCP 8 Notice of claims under facts stated above.**

59. Incorporating all facts and statements above, Plaintiff states that by listing particular counts of her claim he is not intending to waive other theories that are consistent with Federal Law and FRCP 8, and cognizable based on the allegations above that support claims for negligent or fraudulent misrepresentation recognized by applicable state law.

WHEREFORE Plaintiff Michelle Ruggles demands a trial by jury and that the following relief be granted:

A. That this Court take jurisdiction of this matter;

B. That process be served;

C. That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

D. That the Court award compensatory damages in an amount to be determined by the trier of fact;

E. That the Court award Plaintiff punitive damages against Defendants in an amount to be determined by the trier of fact;

F. That the Court award Plaintiff her costs in this action and her reasonable attorney's fees;

G. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

H. That the Court grant such additional relief as the Court deems proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable herein.

**DESIGNATION OF TRIAL LOCATION**

Plaintiff designates Kansas City, Kansas as the location of trial.

        Respectfully submitted,

        REAVEY LAW LLC

        By:  /s/ Kevin C. Koc          .
            Patrick G. Reavey, KS# 17291
            Kevin Koc KS# 24953
            Livestock Exchange Building
            1600 Genessee, Suite 303
            Kansas City, MO 64102
            Ph: 816.474.6300
            Fax: 816.474.6302
            Email: patrick@reaveylaw.com
            Email: kkoc@reaveylaw.com
            Website: www.reaveylaw.com
            ATTORNEYS FOR PLAINTIFF