IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE RUGGLES,

  Plaintiff,

  v.

CVR ENERGY, INC, et al.,

  Defendants.

Case No. 2:20-cv-02652-HLT-TJJ

### MEMORANDUM AND ORDER

  Plaintiff asserts claims for sex discrimination and retaliation under Title VII. Defendants move to dismiss her claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Doc. 4. Defendant CVR Energy, Inc. (CVR) seeks dismissal of both claims because Plaintiff fails to plausibly allege that it was Plaintiff's joint employer. Defendants jointly seek dismissal of Plaintiff's retaliation claim for failure to exhaust administrative remedies.

  Because Plaintiff's lone allegation in her operative complaint does not plausibly allege that Defendant CVR is her joint employer, the Court grants that portion of the motion and dismisses without prejudice Plaintiff's claims against Defendant CVR. But the text of Plaintiff's EEOC charge clearly sets forth the basis for her retaliation claim, so the Court denies that portion of the motion. Plaintiff's remaining claims are sex discrimination and retaliation against Defendant Coffeyville Resources Refining & Marketing LLC (CRRM).

### I. LEGAL STANDARD

  To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must accept as true well-pleaded allegations and construe them in the light most favorable to the plaintiff, the same is not true for purely conclusory allegations. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff therefore meets the pleading standard so long as she offers sufficient factual allegations such that the right to relief is raised above the speculative level. *Twombly*, 550 U.S. at 556.

## II. ANALYSIS

Defendants' motion raises two discrete issues: (1) whether Plaintiff plausibly alleges that Defendant CVR was her joint employer, and (2) whether Plaintiff administratively exhausted her retaliation claim. The Court addresses each below.

### A. Plaintiff fails to plausibly allege that Defendant CVR was her joint employer.

Defendant CVR argues that Plaintiff's lone allegation in her operative complaint does not plausibly allege that it was her joint employer. The Court agrees. The Tenth Circuit allows multiple entities to be held liable as joint employers under Title VII when the entities "co-determine the essential terms and conditions of employment." *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002). Relevant factors include whether the entity has the ability to terminate employment, promulgate work rules and assignments, set conditions of employment (e.g., compensation, benefits, hours), provide day-to-day supervision (e.g., discipline), and control employee records (e.g., payroll, insurance, taxes). *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014).

The sole allegation in the operative complaint alleges that "[t]he two CVR Defendants operate in such a way that both entities appear to have jointly employed Plaintiff, including but not limited to the use of an employee policy manual branded 'CVR Energy, Inc.'" Doc. 1 at 2. Plaintiff does not allege the content of the employee policy manual. And she does not offer any other factual allegations plausibly suggesting that Defendant CVR had the ability to terminate her employment or otherwise co-determine the essential terms and conditions of her employment. This

single allegation is not enough to plausibly allege that Defendant CVR is Plaintiff's joint employer. *See Miller v. Dillon Co.*, 2016 WL 2894696, at *10 (D. Kan. 2016) (citing cases and dismissing one defendant because the allegations "provide no facts establishing employer liability under the Tenth Circuit tests described in *Knitter* and *Bristol*"); *Johnson v. Hix Corp.*, 2015 WL 7017374, at *2 (D. Kan. 2015) (dismissing one defendant because the plaintiff's complaint "merely recites the elements required to establish employer liability under Title VII, without providing any allegations as to [the defendant] controlled [the plaintiff's] work conditions").

Plaintiff does not identify any case law suggesting that her operative complaint is sufficient. Instead, she offers that "[t]he forthcoming amended complaint will include specific allegations that [Defendant CVR] directed and controlled Plaintiff's employment as it was the entity that promulgated the policies and procedures under which Plaintiff labored." Doc. 11 at 2. She then outlines the additional factual allegations. To date, Plaintiff has not filed an amended complaint or even a motion for leave to amend. She provides no explanation for this delay. And the scheduling order set July 9, 2021, as the deadline for amending pleadings. Doc. 14 at 9. Defendants' motion was ripe well before that date. Thus, the Court's analysis is limited to the operative complaint and that complaint does not plausibly allege joint-employer liability. The Court therefore dismisses without prejudice Plaintiff's claims against Defendant CVR.[1]

---

[1] Plaintiff makes a passing request at the conclusion of her response that the Court grant her leave to amend to include her additional factual allegations. The Court does not grant this relief. The federal and local rules outline the procedure for seeking leave to amend and that procedure does not include a request in a response. Fed. R. Civ. P. 15; D. Kan. Rule 15.1. Plaintiff is represented and her counsel should be aware of these rules. The Court will not reward her for ignoring the procedures of this District by sua sponte granting leave to amend. To do otherwise, essentially renders the district court her legal advisor, promotes a "wait and see" approach for dispositive-motion practice, and converts the motion to dismiss into a trial run and an advisory opinion.

### B. Plaintiff administratively exhausted her retaliation claim.

Defendant CRRM moves to dismiss Plaintiff's retaliation claim because she failed to exhaust her administrative remedies. It contends that Plaintiff did not check the retaliation box on her EECO charge and that her narrative does not set forth the basis for her retaliation claim. The Court disagrees.

The Tenth Circuit recently explained that exhaustion of administrative remedies is an affirmative defense that is considered under the Rule 12(b)(6) standard. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1183 (10th Cir. 2018). A plaintiff must exhaust each incident of discriminatory or retaliatory treatment, which means that the EEOC charge must contain facts underlying each claim. *Brown v. Keystone Learning Servs*, 804 F. App'x 873, 882 (10th Cir. 2020). This means:

> [A] plaintiff's claim in federal court is generally limited by the scope of administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC. Charges filed with the EEOC are liberally construed to determine whether administrative remedies have been exhausted as to a particular claim. The failure to mark a particular box [on an EEO charge] creates a presumption that the charging party is not asserting claims represented by that box. The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim.

*Khalifah v. Brennan*, 2020 WL 1028299, at *4 (D. Kan. 2020) (alterations in original) (internal citations and quotations omitted).

Plaintiff did not check the box for retaliation, so the issue is whether the text of her charge clearly set forth the basis for her claim.[2] The text of her charge states:

> I was hired on June 17, 2019, as an Operator. I went through a two-month orientation. Prior to going to the unit, I received outstanding remarks on all my evaluations. In August 2019, I went to the unit that I was assigned to work as an operator. When I began working on the unit, I noticed certain comments that were made by my male

---

[2] The Court considers Plaintiff's EEOC charge in resolving this motion. The document is mentioned in the complaint, is central to her claims, and is unchallenged insofar as authenticity is concerned. *Waller v. City & Cnty. Of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

co-workers such as, "Shouldn't you be home doing the dishes or making cookies." When I had a question about certain job duties, I would attempt to ask the more seasoned operators. After I asked the question, the seasoned operators would look at me and not respond. I asked one of the seasoned operators where acid was coming from in a generator. The seasoned operator did not respond. One of my similarly situated co-workers asked the same question to the same seasoned operation [sic] who stated, "Let's go check it out." I was also asked to sign off on equipment showing that I was certified to operate without receiving the proper training. I was also told while working I would never be left alone. I was left alone to unload a railcar. On one occasion, me and a similarly situated co-worker were assigned to work unloading a railcar. The seasoned operator stated to the male co-worker, "This is something that you need to know about unloading railcars." I was also there, but he never addressed me, nor did he tell me the same thing he told the male co-worker. On or around October 3, 2019, I received an evaluation. The evaluation was the worst I received. <u>On the same day, I complained to human resources about the treatment I received because of my sex and requested to be transferred to another unit. I was not transferred and the human resources employee acted as though she did not believe me. On the same day, I resigned</u>.

I believe I was harassed, treated differently in the terms and conditions of my employment and forced to resign because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 5-1 at 2-3 (emphasis added).

Plaintiff's charge clearly set forth the basis for her retaliation claim. Her charge states that she complained to human resources about the treatment she received because of her sex, that her request to be transferred was denied and her complaint was received with disbelief, and that she resigned the same day. *Id.* Her opposition confirms that her "charge lays out <u>exactly</u> the scope of her retaliation claim." Doc. 11 at 5 (emphasis added). Based on the text of her narrative and the stated scope of her claim, the Court agrees that the reasonable and likely scope of the EEOC investigation would have included an investigation into the facts of her encounter with human

resources and a retaliation claim stemming from this limited interaction.[3] *See, e.g.*, *Patterson v. Kalmar Sols. LLC*, 2020 WL 2735743, at *4 (D. Kan. 2020) (denying motion to dismiss for failure to exhaust because the narrative sufficiently charges retaliation); *Miller*, 2016 WL 2894696, at *8-9 (denying motion to dismiss retaliation claim because the EEOC charge provided sufficient information to rebut the presumption). The Court denies this portion of the motion.[4] Plaintiff's sex-discrimination and retaliation claims against Defendant CRRM survive this motion.

THE COURT THEREFORE ORDERS that Defendants' motion (Doc. 4) is GRANTED IN PART and DENIED IN PART. The Court dismisses without prejudice Plaintiff's sex-discrimination and retaliation claims against Defendant CVR Energy, Inc. The Court denies the rest of the motion.

IT IS SO ORDERED.

Dated: July 15, 2021　　　　　　　　/s/ *Holly L. Teeter*　　　　　　　　
　　　　　　　　　　　　　　　　　　HOLLY L. TEETER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's retaliation claim seems to replicate her sex-discrimination claim. But alternative theories of liability are allowed at this stage of the litigation. In addition, the Court makes no ruling on whether any specific action constitutes as adverse employment action because that is not an issue that has been briefed or argued by the parties.

[4] The Court notes that her complaint states that "Plaintiff complained about the illegal discrimination and harassment and was subject to retaliation in the form of a lack of action and a poor evaluation, leading to her constructive discharge from employment." Doc. 1 at 8. Her EEOC charge does not identify any complaint until the day she complained to human resources, which was after she received her evaluation. The Court relies on Plaintiff's statement in her response about the scope of her claim. If the scope of her claim is different, the Court makes no ruling on that issue.